UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X  Case No. 20-cv-4526
CAN DOGAN,

                                            Plaintiff,                  **COMPLAINT**

                            -against-

DIVAN INC., d/b/a GALATA MEDITERRANEAN        **PLAINTIFF DEMANDS**
CUISINE, MUSTAFA BOZ, HUSEYIN BOZ,                  **A TRIAL BY JURY**
FETULLAH ANAR and YUCEL YUKSEL, Individually,

                                          Defendants.
------------------------------------------------------------------------X

     Plaintiff, CAN DOGAN by his attorneys, SEKENDIZ LAW FIRM P.C., upon information and belief, complains as follows:

### NATURE OF THE CASE

1. Plaintiff brings this action charging that Defendants violated the <u>Fair Labor Standards Act of 1938</u>, as amended (29 U.S.C. §201 et seq.), hereinafter "FSLA" or "the Act", to recover unpaid overtime wages, and an additional amount as liquidated damages, reasonable attorneys' fees and costs, and to remedy violations of state common law based upon the pendent jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966), and 28 U.S.C. §1367; N.Y. Lab. Law§ 2 and 651; N.Y. Lab. Law§ 190 et seq; NYLL §195(1) and NYLL 195(3); and seeks to recover overtime wages, punitive damages, reasonable attorneys' fees and costs as a result of defendants' failure to pay Plaintiff overtime.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 626(c), and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367.

4. Jurisdiction of this action is also conferred upon the court by § 16(b) of the FLSA (29 U.S.C. §216 (b)). The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

5. Jurisdiction is also conferred upon this Court by 28 U.S.C. Sect. 1331; and 28 U.S.C. Sect. 1343. 29 U.S.C. § 216 (b) ("FLSA"), 28 U.S.C. § 1337 (interstate commerce). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367 (a).

6. This action involves questions of federal law. 28 U.S.C. § 1331

7. Venue is proper in this district based upon Defendants' principal place of business within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

8. Plaintiff CAN DOGAN, ("PLAINTIFF") is a resident of the County of Queens and State of New York.

9. Defendant DIVAN INC., d/b/a GALATA MEDITERRANEAN CUISINE ("DIVAN") is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at 212 East 34th Street New York, New York 10016.

10. Defendant FETULLAH ANAR is a principal/shareholder of Corporate Defendant "DIVAN" He exercise control over the terms and conditions of Plaintiff's employment.

11. Defendant FETULLAH ANAR exercised his power to (a) fire and hire, (b) determine rate and

method of pay, (c) set employee schedules over the Plaintiff and other employees.

12. Defendant MUSTAFA BOZ is the principal/shareholder of Corporate Defendant "DIVAN" He exercise control over the terms and conditions of Plaintiff's employment.

13. Defendant MUSTAFA BOZ exercised his power to (a) fire and hire, (b) determine rate and method of pay, (c) set employee schedules over the Plaintiff and other employees.

14. Defendant HUSEYIN BOZ, is the principal/shareholder of Corporate Defendant "DIVAN" He exercise control over the terms and conditions of Plaintiff's employment.

15. Defendant HUSEYIN BOZ, exercised his power to (a) fire and hire, (b) determine rate and method of pay, (c) set employee schedules over the Plaintiff and other employees.

16. Defendant, YUCEL YUKSEL is the principal/shareholder of Corporate Defendant "DIVAN" He exercise control over the terms and conditions of Plaintiff's employment.

17. Defendant YUCEL YUKSEL, exercised his power to (a) fire and hire, (b) determine rate and method of pay, (c) set employee schedules over the Plaintiff and other employees.

18. All defendants jointly employed Plaintiff within the meaning of FLSA and New York Labor Laws.

### MATERIAL FACTS CONCERNING PLAINTIFF'S UNPAID OVERTIME CLAIMS

19. Plaintiff started working for defendants as a "server" in or around April of 2016.

20. Plaintiff's initial pay rate was $15.00 an hour.

21. In or around August of 2016 defendants promoted Plaintiff to "captain of the front of the house" and his hourly rate increased from $15.00 an hour to $17.00. As the captain of the front of the house, Plaintiff did not have authority to hire, fire or determine the pay rate of employees.

22. In or around August of 2017 Plaintiff resigned from his position.

23. From April of 2016 to August of 2017 Plaintiff worked 55 to 60 hours a week.

24. From April of 2016 to August 2017 Plaintiff worked 6 days a week.

25. From April 2016 to August 2017 defendants did not make any overtime payments to Plaintiff.

26. Upon information and belief, in or around August of 2017, defendants had Plaintiff sign a document indicating he received all his overtime wages even though defendants did not make any overtime payments to Plaintiff.

27. Upon information and belief, from April 2016 to August 2017 defendants collected the tips, which the customers left to server employees and refused pay Plaintiff or any other employee their tips.

28. In or around October of 2018, defendants hired Plaintiff as manager with an hourly rate of $18.30. Although, Plaintiff's title was "Manager", he did not have authority to : 1) Fire any employees; 2) Hire any employees; 3) Determine the rate of pay of any employees; 4) Demote any employees; 5) Promote any employees; 5) Utilize any discretion to change vendors or menu items.

29. Plaintiff was not authorized to provide suggestions and/or recommendations as to the hiring, firing. In fact, defendants refused to hire one employee, whom Plaintiff recommended to be hired.

30. Plaintiff did not customarily and regularly exercise any discretionary powers.

31. Plaintiff was not paid on a salary basis but on an hourly rate basis.

32. Plaintiff is not an exempt employee under FLSA and New York Labor Laws.

33. In or around December of 2019 Plaintiff's pay rate increased to $19,50 from $18,30.

34. Defendants terminated Plaintiff on January 21, 2020 indicating that business was slow.

35. Starting from October 2018 up until January 21, 2020 Plaintiff worked approximately 60 to 65

hours a week.

36. Starting from October of 2018 until January 21, 2020 Plaintiff worked 5 to 6 days a week.

37. Starting from October of 2018 until January 21, 2020 defendants did not pay Plaintiff his overtime wages.

38. Starting from October of 2018 until January 21, 2020 Plaintiff worked as a bartender on Sundays even though his job title was 'Manager"

39. Starting from October of 2018 until January 21, 2020 Plaintiff took orders and worked as a server at least once a week even though his job title was "Manager."

40. Starting from October of 2018 until January 21, 2020 Plaintiff, on at least few occasions, went on food delivery due to the shortage of employees.

41. Upon information and belief, from October of 2018 until January 21, 2020, defendants collected the tips, which the customers left to server employees and refused pay Plaintiff or any other employee their tips.

42. Starting from October of 2018 up until January 21, 2020, defendants did not pay plaintiff a fixed salary. More specifically Plaintiff was not paid for the dates or hours he missed from work.

43. At all times relevant to this complaint, defendants DIVAN INC., d/b/a GALATA MEDITERRANEAN CUISINE, MUSTAFA BOZ, HUSEYIN BOZ, FETHULLAH ANAR and YUCEL YUKSEL, Individually maintained a policy and practice of requiring Plaintiff to work in excess of forty (40) hours per week without providing any overtime compensation required by Federal and State Law and Regulations.

44. Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

5

45. Upon information and belief, Defendants DIVAN INC., d/b/a GALATA MEDITERRANEAN CUISINE, MUSTAFA BOZ, HUSEYIN BOZ, FETHULLAH ANAR and YUCEL YUKSEL, employed the policy and practice of disguising Plaintiff's actual hours worked in payroll records to dodge their obligations to pay Plaintiff his earned overtime compensation.

46. Upon information and belief, defendants DIVAN INC., d/b/a GALATA MEDITERRANEAN CUISINE, MUSTAFA BOZ, HUSEYIN BOZ, FETHULLAH ANAR and YUCEL YUKSEL, failed to provide notification, either in the form of posted notices, or other means, was given to Plaintiff regarding overtime and wages under the FLSA and NYLL.

47. Upon information and belief, defendants DIVAN INC., d/b/a GALATA MEDITERRANEAN CUISINE, MUSTAFA BOZ, HUSEYIN BOZ, FETHULLAH ANAR and YUCEL YUKSEL, required Plaintiff and other employees to sign a blank form to be filled in by defendants forcing Plaintiff and other employees to acknowledge that they received their overtime wages even though defendants refused to pay their employees their overtime wages.

48. Plaintiff was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

49. Defendants did not provide Plaintiff with any document or other statement accounting for his actual hours worked or setting forth the rate of pay for all of his hours worked for the overtime hours Plaintiff worked.

50. Plaintiff now bring this action to recover damages, including but not limited to, overtime premiums, liquidated damages, interest, attorneys' fees and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. §207 NYCRR Labor Section 138 et seq. Title 12 NYCRR 142-2.2. N.Y. Lab. Law§ 190 et seq. N.Y. Lab. Law§

663. NYLL §195(1) and Title 12 NYCRR 142) (Spread of Hours)

51. Defendants willfully violated Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 et seq.),

52. As a result of the above Plaintiff has been damaged in an amount in excess of the jurisdiction of all lower courts.

53. As Defendants conduct has been willful, outrageous, done with full knowledge of the law, and malicious, Plaintiff also demands punitive damages against Defendants.

54. Defendants never paid Plaintiff for any overtime hours worked.

55. Defendants' actions created an environment that no reasonable person would tolerate.

56. Defendants all separately and jointly violated the FLSA by not paying Plaintiff for overtime work ands tips as required by the Act.

57. Defendants violated the laws of the State of New York by not paying Plaintiff for overtime work as required by the laws of the State of New York.

58. Upon information and belief, at all relevant times, Corporate Defendant "DIVAN" had gross revenue in excess of $500,000.

59. Upon information and belief Corporate Defendant "DIVAN" had (eighteen) employees.

**AS A FIRST CAUSE OF ACTION**
**FOR VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT**

60. Plaintiff repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

61. Defendants willfully employed Plaintiff in the afore-mentioned enterprise for work weeks longer than 40 hours and failed to compensate Plaintiff for his employment in excess of forty

(40) hours per week at a rate of at least one and one-half times the rate at which he was employed.

62. Defendants' failure to pay Plaintiff overtime pay in accordance with the Act, was a direct violation of the Act, specifically 29 U.S.C. §207.

63. As a result of the underpayment of wages alleged in this Complaint, Plaintiff has been damaged in at least an amount equal to such underpayment of wages, and Defendants are therefore indebted to Plaintiff for back wages.

64. Defendants DIVAN INC., d/b/a GALATA MEDITERRANEAN CUISINE, MUSTAFA BOZ, HUSEYIN BOZ, FETULLAH ANAR and YUCEL YUKSEL violated above provisions.

### AS A SECOND CAUSE OF ACTION
### VIOLATION OF NEW YORK WAGE AND HOUR LAW and VIOLATION OF Title 12 NYCRR Section 142-2.2, OVERTIME RATE

65. Plaintiff repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

66. Plaintiff was an employee of Defendants within the meaning of New York Wage Regulations, Specifically NYCRR Labor Section 138 et seq.

67. Defendants failed to pay Plaintiff a premium for hours worked in excess of 40 hours per week.

68. Defendants violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-2.2.

69. Defendants also failed to pay Plaintiff a premium/additional amount for hours worked in excess of 10 hours per day.

70. Under New York State law, an employee is entitled to an extra hour's wages for any day when the employee's "spread of hours" exceeds 10 hours (12 NYCRR § 142-2.4).

71. Defendants also violated New York's Labor law including but not limited to Labor Law 12 NYCRR § 142-2; §§ 198, 162, 663 et seq.

8

72. Defendants DIVAN INC., d/b/a GALATA MEDITERRANEAN CUISINE, MUSTAFA BOZ, HUSEYIN BOZ, FETULLAH ANAR and YUCEL YUKSEL violated above provisions.

### AS A THIRD CAUSE OF ACTION FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

73. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

74. Defendants willfully failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law§ 190 et seq. and regulations of the New York State Department of Labor.

75. Defendants failed to pay Plaintiff in a timely fashion, as required by Article 6 of the New York Labor Law.

76. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law§ 663.

77. Defendants failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law§ 663.

78. Defendants failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law§ 663.

79. Defendants DIVAN INC., d/b/a GALATA MEDITERRANEAN CUISINE, MUSTAFA BOZ, HUSEYIN BOZ, FETULLAH ANAR and YUCEL YUKSEL

### AS A FOURTH VIOLATION OF SPREAD OF HOURS UNDER NEW YORK LAW.

80. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

81. Defendants failed to pay Plaintiff his earned Spread of Hours.

82. New York's spread of hours law provides that hourly, nonexempt employees whose workday begins and ends more than 10 hours apart are owed an extra hour of pay, known as a Spread of Hour rate as follows: "§ 142-2.4 Additional rate for split shift and spread of hours. An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations occur."

83. Defendants failure to pay Plaintiff his spread of hours was willful.

84. Defendants violated the section § 142-2.4.

85. Defendants DIVAN INC., d/b/a GALATA MEDITERRANEAN CUISINE, MUSTAFA BOZ, HUSEYIN BOZ, FETULLAH ANAR and YUCEL YUKSEL

## AS A FIFTH VIOLATION UNDER NEW YORK LABOR LAW12 NYCRR § 146-2.14 (b). NYLL § 196-d

86. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein

87. 12 NYCRR § 146-2.14 (b). NYLL § 196-d prohibits employers from partaking in tip pools: "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

88. Defendants collected the Plaintiff's and other server employees' tips and refused to pay them their earned tips.

89. Defendants violated 12 NYCRR § 146-2.14 (b). NYLL § 196-d

90. Defendants actions were intentional.

91. New York Labor laws do not include any language that prohibits employees who make more

than the minimum wage from accepting tips.

92. Defendants DIVAN INC., d/b/a GALATA MEDITERRANEAN CUISINE, MUSTAFA BOZ, HUSEYIN BOZ, FETULLAH ANAR and YUCEL YUKSEL violated provisions.

**AS A SIXTH VIOLATION UNDER 29 U.S.C. § 203(m); 29 C.F.R. § 531.54**.

93. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein

94. Federal regulations define a tip as "a sum presented by a customer as a gift or gratuity in recognition of some service performed." 29 C.F.R. § 531.52.

95. Mandatory tip pooling is when hourly employees who are entitled to the protections under the FLSA are required by the employer to group all or a portion of their earned tips into a common pot, which is subsequently split up and redistributed pursuant to a predetermined scheme. See 29 U.S.C. § 203(m); 29 C.F.R. § 531.54. The Department of Labor considers tipped employees to be those who "customarily and regularly receive more than $30 per month in tips." 29 U.S.C. § 203(t).

96. Defendants violated 29 U.S.C. § 203(m); 29 C.F.R. § 531.54

97. Defendants DIVAN INC., d/b/a GALATA MEDITERRANEAN CUISINE, MUSTAFA BOZ, HUSEYIN BOZ, FETULLAH ANAR and YUCEL YUKSEL violated above provisions.

## JURY DEMAND

160. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by the FLSA, NYCRR, and NYLL, for failing to pay Plaintiff's due overtime wages, spread of hours;;

B. Awarding Plaintiff punitive damages;

C. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

D. Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff.

E. Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's and the FLSA compensation, hours, wages, and any deductions or credits taken against wages;

F. Declaring that Defendants violations of the provisions of the FLSA were willful as to Plaintiff.

G. Awarding Plaintiff damages for the amount of unpaid overtime wages, spread of hours, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

H. Awarding Plaintiff and the FLSA liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

I. Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

J. Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

K. Declaring that Defendants violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

L. Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

M. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

N. Awarding Plaintiff pre-judgment and post- judgment interest as applicable;

O. Awarding Plaintiff, the expenses incurred in this action, including costs and attorney's fees;

P. Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

Q. All such other and further relief as the Court deems just and proper

R. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants unlawful employment practices.

Dated: New York, New York
June 12, 2020

                              **SEKENDIZ LAW FIRM P.C.,
ATTORNEYS AT LAW**

By:     \_\_\_s/Ismail S. Sekendiz/\_\_\_\_
Ismail S. Sekendiz, Esq. (IS-0509)
*Attorneys for Plaintiff*
45 Broadway Suite: 1420
New York, New York 10006
(212) 380-8087
Email: isinan@hotmail.com